THE TERRITORY OF HAWAII, BY LORRIN ANDREWS, ATTORNEY GENERAL OF THE TERRITORY OF HAWAII, *v.* THE KAPIOLANI ESTATE, LIMITED, A CORPORATION, AND THE McBRYDE ESTATE, LIMITED, A CORPORATION.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

ARGUED SEPTEMBER 4, 1907.    DECIDED SEPTEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

BOUNDARY—*former adjudication—patent—estoppel.*

A boundary line shown by an unambiguous survey with metes and bounds, adjudicated by a commissioner of boundaries and followed in a land patent, is not to be modified by extraneous evidence. The Territory is estopped from disputing the description contained in the patent.

OPINION OF THE COURT BY HARTWELL, C.J.

This was an action to quiet title in a long strip of land which the Territory claimed as part of the ahupuaa of Hanapepe while defendants claimed that it was part of the Ili of Kuiloa, the

title of which was admitted to be in the Kapiolani Estate, Limited, subject to a lease to the McBryde Estate, Limited. Jury being waived the circuit court, after hearing the evidence, gave judgment for the defendants.

In the action to determine this title brought against the lessees of the ahupuaa by McBryde Estate, Ltd., this court passed upon some of the questions now presented. The proceedings for adjudication of the boundaries of Kuiloa, with the descriptions of the ·boundary contained in the commissioner's decision and Gay's survey, appear in the report of that case. *McBryde Estate v. Gay & Robinson,* 15 Haw. 117. It was there held that the commissioner's description "was, necessarily, in general terms only and was intended to be made more specific by a surveyor who should first actually run the lines on the ground;" and that the "notes of survey as entered became a part of the record so signed and of the decision." p. 121. Although the plaintiff is not bound by the rulings made in the action against its lessees, we do not hesitate to adopt them as the law which is applicable to the same facts appearing in this case. No suggestion against the propriety of those rulings is made by the plaintiff but it claims that the evidence which is in this case or was offered and refused is in material respects different from that which appeared in the former case, referring to the commissioner's notes of evidence given at the hearing of the petition to fix the Kuiloa boundary and his entry in his record, "Decision according to the evidence of Opae," who was one of the witnesses, and to the evidence of Gay and Robinson concerning the construction placed upon the decision by the commissioner himself and by other persons affected by it. The plaintiff claims that the grant of the ili of Kuiloa was merely of a fishing right along the easterly bank of the river which it claims to be the boundary of Hanapepe and that this appears not only in the commissioner's notes and record but in the evidence of several native residents, showing that it was always understood by the residents that the land belonged to Hanapepe and the water to Kuiloa.

It is claimed that the court erred in excluding the evidence of the expert surveyor, Monsarrat, to the effect that if the commissioner had intended, as claimed by the plaintiff, to have the boundary include merely the river leaving the land outside as part of Hanapepe, his instructions to go along the bank of the river through all its windings and turnings would require the surveyor to run his line, as nearly as he could do, to the bank without getting into the mud or marsh. But we are met with the fact that the survey is signed not only by the surveyor but by the commissioner as part of his decision and that, as ruled in the former case, if there is any inconsistency between the survey and the more general terms of the commissioner's description the survey must prevail, but that "no substantial conflict necessarily exists." The decision concerning the boundary, including therein the survey, is too clear and definite to permit explanation by extraneous evidence.

The plaintiff's position that the commissioner's notes and entry referred to showed that he considered that the ili consisted of water only and that the survey would be such as would naturally be made if intended to include the river within its banks and not taking in marsh or hard land under the line of high freshet or tide water, and therefore that the survey is susceptible of explanation with the notes and entry, might be correct if there were any uncertainty in the survey which was adjudicated as the boundary. But as the only ground for admitting the evidence would be the uncertainty of the surveyed line it would be reversing the rule in such matters to regard the line as uncertain because of the evidence and to admit the evidence to explain the uncertainty produced by it. Moreover, if it were clear that the commissioner regarded the ili as consisting merely of the Hanapepe river, yet, as he declared its boundary to be one which included land as well, the line shown by the survey, which he adopted, and signed, would be his final adjudication. While the evidence is clearly inadmissible it would not, if admitted, sustain this contention for it shows that Opae testified "low land (belonged) to Kuiloa."

The defendants' evidence that the boundary of the Eleele land established by the commissioner November 23, 1873, was "along the land of Kuiloa," shows that Eleele is not coterminous with Hanapepe, while Land Patent 8148 of the ili of Kuiloa, which was granted on the application of Kapiolani Estate, Limited, October 15, 1902, follows the Gay survey and appears to estop the plaintiff from claiming any of the land granted.

The defendants might well have rested their case on the patent.  Its unambiguous description of the land requires no explanation.  Although issued, as required by law, in the name of Kaaha, to whom the land commission award was made, it was properly admitted in evidence the Territory having no right to inquire how the title, admitted to be in the defendant lessor, was acquired.  As the undisputed evidence shows the title in the disputed strip to be in the deefndants, it is unnecessary to pass in detail upon the exceptions relating to admission and rejection of evidence.

Exceptions overruled.

*M. F. Prosser, Deputy Attorney General, (C. R. Hemenway, Attorney General,* with him on the brief,) for plaintiff.

*W. A. Kinney* and *C. W. Ashford* for defendants.